UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVARIS CORPORATION, dba LOWGRADELUMBER, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRISSA LUMBER CORPORATION, a Texas corporation; TARIMAS ERCO, S.A. de C.V., a Mexican corporation; and JESUS ERNESTO CORTEZ,<br><br>Defendants. | No. C07-0196MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants Tarimas Erco and Jesus Ernesto Cortez's motion for reconsideration of the portion of the Court's June 17, 2008 Order (Dkt. No. 46) that denied their request for attorneys' fees. (Dkt. No. 48.) Having considered the motion and the balance of the record, the Court DENIES the motion.

Under Local Civil Rule 7(h), the Court will deny motions for reconsideration unless there is a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Here, Defendants fail to show that the Court manifestly erred in its decision to deny attorneys' fees.

Defendants spend much time arguing that the Court incorrectly concluded that fees were not authorized under RCW 4.85.185(5). That section of Washington's long-arm statute provides: "In the event the defendant is personally served outside the state on causes of action enumerated in this

ORDER - 1

section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees." RCW 4.28.185(5). The Court previously concluded that this provision was inapplicable because Defendants did not challenge personal jurisdiction. Defendants cite no case law that supports their argument that fees are warranted in a situation such as this one, where the defendants have not successfully challenged personal jurisdiction <u>or</u> succeeded on the merits, but instead where the plaintiffs have agreed to dismissal without prejudice and defendants offered no legitimate basis for dismissal with prejudice. Defendants cite <u>Scott Fetzer Co. v. Weeks</u>, in which the Washington Supreme Court held that RCW 4.28.185(5) authorizes an award of attorneys' fees "when a foreign defendant prevails on jurisdictional grounds." 114 Wn.2d 109, 110 (1990). And the Court previously cited <u>CTVC of Haw., Co. v. Shinawatra</u>,, where the Washington Court of Appeals held that "[t]he trial court may award reasonable attorney fees to a foreign defendant who prevails in an action on the basis that the court lacked personal jurisdiction under the long-arm statute." 82 Wn. App. 699, 722 (1996). Neither of these cases counsels that attorneys' fees are authorized in this instance, where Defendants did <u>not</u> challenge personal jurisdiction, but instead challenged service of process and venue. Moreover, it is not clear that Defendants would have prevailed had they challenged personal jurisdiction. Two of the contracts at issue in Plaintiff's complaint contain forum selection clauses identifying King County, Washington as the applicable forum.[1] (Compl., Exs. B & C.) As Defendants themselves point out, a choice of forum clause identifying Washington as the proper forum constitutes consent to personal jurisdiction in Washington. <u>Voicelink Data Servs. v. Datapulse</u>, 86 Wn. App. 613, 620 (1997).

Regardless, an award of attorneys' fees under RCW 4.28.185(5) is discretionary. Defendants fail to establish that the Court manifestly erred when it exercised its discretion in declining an award of fees. Having reviewed the entirety of the record, including Defendants' choice not to timely

---

[1] The Court acknowledges that Defendants contest the applicability of those contracts to Plaintiff's current claims, but their applicability has not been decided.

ORDER - 2

answer the complaint and Defendants choice to raise several unsupported and illegitimate arguments why the default judgment should be set aside, the Court concluded that fees were not warranted. Defendants offer no argument or evidence that persuades the Court to reverse that decision.

The motion for reconsideration is therefore DENIED.

The clerk is directed to send copies of this order to all counsel of record.

Dated: July 1, 2008.

Marsha J. Pechman
United States District Judge

ORDER - 3